```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

vs.                                     Case No. 2:04-cv-529-FtM-29DNF

OCTAVIO SARMIENTO, JR.,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #11), filed on August 16, 2005, in response to the Court's Order to Show Cause for failure to prosecute. The Court will take no further action on the Order to Show Cause based on the Response (Doc. #12). The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

The Complaint (Doc. #1) was brought to recover a civil monetary forfeiture penalty assessed against the defendant by the Federal Communications Commission (FCC), pursuant to 47 U.S.C. §§ 503 and 504, for violations of 47 U.S.C. § 301. More specifically, defendant owned and/or operated equipment for the unlicensed transmission of radio signals above the authorized levels. The transmissions, sent using equipment owned and/or operated by defendant, were intercepted and traced to an office building in

Naples, Florida.  On or about June 5, 2002, the FCC issued a Notice of Apparent Liability for Forfeiture finding defendant liable for a civil monetary penalty in the amount of $10,000.  Defendant filed a response and supplemental response with the FCC.  On or about December 20, 2002, the FCC affirmed the finding and a Forfeiture Order was issued to defendant for the amount of $10,000.

Defendant having failed to pay the penalty, the government sought judicial action.  "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established....A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true."  Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

The Process Receipt and Return (Doc. #7) indicates that defendant was personally served with process on January 7, 2005.  Finding no responsive pleading, the government moved for and was granted a Clerk's Entry of Default on May 24, 2005.  (See Docs. #8-9).  The Declaration (Doc. #11, Ex. B) indicates that defendant is not on active duty with any of the armed services of the United States of America.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Federal Rule of Civil Procedure 55(b)(1) provides that when a "claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment." Pursuant to 47 U.S.C. § 503(b)(2)(C) and § 504(a), "the amount of any forfeiture penalty determined under this subsection shall not exceed $10,000 for each violation or each day of a continuing violation . . . ." and "shall be payable into the Treasury of the United States, and shall be recoverable, [ ], in a civil suit . . . ." Although the Complaint demanded judgment with interest and costs, the Motion for Default Judgment does not seek an amount in excess of the $10,000.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Default Judgment (Doc. #11) is **GRANTED**. The Court hereby assesses civil damages in the amount of **$10,000.00**. Let execution so issue. The Clerk is directed to enter judgment in favor of plaintiff and against defendant accordingly and close the file.

2. The Clerk is directed to mail counsel for plaintiff a certified copy of this Opinion and Order and of the Judgment entered herein.

3.  The Clerk shall mail a copy of this Opinion and Order and the Judgment entered herein to defendant, whose last known address is: **2431 Bear Creek Drive, #101, Naples, Florida, 34109**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of August, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Defendant
DCCD

-4-